Matter of Lopez v Lopez (2021 NY Slip Op 03839)





Matter of Lopez v Lopez


2021 NY Slip Op 03839


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-13613
2020-00739
 (Docket Nos. V-30514-12, V-30515-12, V-30516-12)

[*1]In the Matter of Josefina Lopez, appellant,
v
Julio Angel Lopez, et. al., respondents-respondents; Children's Aid Society, nonparty-respondent.


Elliot Green, Brooklyn, NY, for appellant.
Tammi D. Pere, Jamaica, NY, for respondent-respondent Julio Angel Lopez.
Rosin Steinhagen Mendel, PLLC, New York, NY (Douglas H. Reiniger of counsel), for nonparty-respondent.
Jennifer Marshall, Brooklyn, NY, attorney for the child William S. L.
Helene Chowes, New York, NY, attorney for the child Hailey E. L.
Steven P. Forbes, Huntington, NY, attorney for the child Amanda P. L.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the paternal grandmother appeals from (1) an order of the Family Court, Kings County (Ann E. O'Shea, J.) dated October 31, 2019, and (2) an order of the same court dated December 12, 2019. The order dated October 31, 2019, insofar as appealed from, after a dispositional hearing, in effect, denied so much of the paternal grandmother's petition as sought guardianship and custody of the subject children Hailey E. L. and Amanda P. L. The order dated December 12, 2019, denied so much of the paternal grandmother's petition as sought guardianship and custody of the subject child William S. L.
ORDERED that the order dated October 31, 2019, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated December 12, 2019, is affirmed, without costs or disbursements.
The facts of these proceedings are set forth in greater detail in our decision and order in Matter of William S. L. (_____ AD3d _____ [decided herewith]). For the purposes of these appeals, it is sufficient to note that the subject children, William S. L., Hailey E. L., and Amanda P. L., as well as their older sibling, initially were placed in the care of the paternal grandmother (hereinafter the grandmother) but, in 2012, were removed from her custody in response to her failure to enforce a protective order against the father and in favor of the subject children. The Family [*2]Court, after a fact-finding hearing, determined that the father had permanently neglected the subject children and terminated his parental rights (see Matter of William S. L., _____ AD3d _____ [decided herewith]). The grandmother petitioned, inter alia, for custody of the subject children.
In an order dated October 31, 2019, the Family Court, among other things, in effect, denied so much of the grandmother's petition as sought guardianship and custody of Hailey and Amanda. In an order dated December 12, 2019, the court denied so much of the grandmother's petition as sought custody of William. The grandmother appeals from both orders.
While the grandmother enjoys standing to seek custody (see Matter of Weiss v Weiss, 161 AD3d 992, 993), her biological relationship to the children does not give her precedence over an adoptive parent selected by the authorized agency (see Matter of Peter L., 59 NY2d 513, 520; Matter of Carter v Administration for Children's Servs., 176 AD3d 696, 697). On the contrary, Social Services Law § 383(3) gives preference for adoption to a foster parent who has cared for a child continuously for a period of 12 months or more, while members of the child's extended biological family are given no special preference (see Matter of Kadi W. v ACS-Kings, 167 AD3d 757, 758; Matter of El v Administration for Children's Servs.-Queens, 159 AD3d 700, 701).
Here, Hailey and Amanda have remained in the care of the foster mother for approximately nine years, are closely bonded to her, have thrived in her care, and wish to be adopted by her. The record makes clear that remaining in the foster mother's care is in their best interests.
In contrast, the record demonstrates that, while William and Hailey, along with their older sibling, were in her care, the grandmother failed to protect them from the father, and, during these proceedings, continued to minimize the danger he posed to the children. During supervised visits after the children were removed from her care, the grandmother discussed inappropriate topics with the children and disparaged the foster mother to them, telling them that the foster mother was "not their real mom," and that they should come live with the grandmother despite Hailey's and Amanda's attachment to the foster mother. Accordingly, the Family Court properly determined that this evidence demonstrated that placement with the grandmother would not be in the best interests of Hailey and Amanda.
When the Family Court entered its order denying the grandmother's petition as to William, he was almost 16 years old, and expressed an interest to remain in his foster placement until he turned 18. Based upon the evidence presented, and taking into account William's age and his wishes regarding his care, the record supports the court's determination that it was not in his best interest to be placed with the grandmother, but rather to remain in his foster home.
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court